IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALL ONE GOD FAITH, INC., et al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF AGRICULTURE, )<br>et al. )<br>)<br>Defendants. )<br>) | Civil Action No. 1:05cv1178 (PLF) |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF THEIR MOTION TO DISMISS**

## INTRODUCTION

Defendants demonstrated in their opening memorandum that in light of a recently released statement by the U.S. Department of Agriculture ("USDA"), there is no longer any relief that plaintiffs require (even if there ever was), and this case should be dismissed as moot. In response, plaintiffs state that they "have no objection to dismissing this action" and provide no argument challenging the merits of defendants' motion. Accordingly, the Court should find that this case is moot and dismiss it for lack of subject-matter jurisdiction.

Defendants submit this reply in response to plaintiffs' implication that the Court's dismissal should "incorporate plaintiffs' reasons for agreeing to dismiss the case." See Pls.' Mem. at 1. For the reasons stated herein, plaintiffs are not entitled to any such condition on dismissal. USDA's new statement renders plaintiffs' Complaint moot. For that reason, and that reason alone, the Court should dismiss the case.

## ARGUMENT

Plaintiffs' Complaint seeks to reverse two USDA statements issued in 2004 and April 2005 (respectively, the "2004 Statement" and "April 2005 Statement") that they allege would have barred certification of personal and body care products as organic under the Organic Foods Production Act of 1990 ("OFPA"). Plaintiffs' challenge was based not upon the substance of USDA's statements, but the procedures used to issue them; plaintiffs alleged that USDA improperly failed to use the notice and comment procedures of the Administrative Procedure Act ("APA") in issuing the challenged statements and that the statements were therefore invalid.

On August 23, 2005, USDA issued a statement that confirmed the eligibility of personal and body care products for certification as organic. See Memorandum dated August 23, 2005,

from Barbara C. Robinson to All USDA Accredited Certifying Agents regarding "Certification of agricultural products that meet NOP standards" ("August 2005 Statement"), included as Attachment 1 to Decl. of Barbara C. Robinson, attached at Ex. 4 to Defs.' Mo. Dismiss. Defendants moved to dismiss because the August 2005 Statement supercedes the challenged statements and therefore rendered this case moot.

In response, plaintiffs admit that USDA's new statement "affirm[s] that the current policy of USDA is the one plaintiffs sought to reinstate by bringing this action." Pls.' Mem. at 1. Thus, the parties do not dispute that the challenged statements are no longer effective. For that reason alone, this case is moot, the Court therefore lacks subject-matter jurisdiction, and the case should be dismissed.

Plaintiffs' response raises one issue that merits discussion. Although plaintiffs state they have "no objection to dismissing this action," Pls.' Mem. at 1, their brief and proposed order imply that they still seek prospective relief that would bind USDA to the August 2005 Statement in the future. Plaintiffs' position is conditioned on their "reliance on" the Declaration of Barbara C. Robinson, Deputy Administrator of Transportation and Marketing Programs of USDA's Agricultural Marketing Service, which confirmed that the August 2005 Statement is USDA's most current. Pls.' Mem. at 1 (citing Robinson Decl.); see also Pls.' Proposed Order at 1 (citing "plaintiffs' representation that they have no objection to dismissal of the action based and in reliance upon" the Robinson Decl.). Plaintiffs also state that they sought from the Government a stipulation of dismissal "that would incorporate plaintiffs' reasons for agreeing to dismiss the case . . . ." Pls.' Mem. at 1 (emphasis added).

Plaintiffs' willingness to dismiss the case provided such dismissal "incorporate[s]

plaintiffs' reasons" appears to be an effort to condition dismissal upon an order that they could later cite in an attempt to argue that USDA is bound to the August 2005 Statement and the Robinson Declaration. The Court lacks jurisdiction to issue such an order. That the case is moot means the Court has no jurisdiction to grant plaintiffs any relief whatsoever, including any prospective relief that would have any effect of binding USDA to the substance of the 2005 Statement.

Further, such relief would be improper, because the Supreme Court requires that agencies "be given ample latitude to 'adapt their rules and policies to the demands of changing circumstances.'" See Motor Vehicle Mfg. Ass'n of the United States v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 41 (1983) (quoting Permian Basin Area Rate Cases, 390 U.S. 747, 784 (1968)). Congress has enacted the standards applicable to the certification of products under the OFPA and, in the APA, the manner in which agencies may issue statements regarding their regulatory authority. To preserve the "ample latitude" to which USDA is entitled, the Court should leave it to these congressional enactments, not "plaintiffs' reasons for agreeing to dismiss the case," to govern USDA's future conduct. Cf. Adair v. England, 183 F.Supp.2d 31, 61 (D.D.C. 2002) (government officials are presumed to act properly, in good faith, and to obey the law).

In any event, plaintiffs never requested the relief they now seek in response to defendants' motion to dismiss. Plaintiffs' Complaint does not request any relief that would bind USDA to any policy, statement, or interpretation of the OFPA nor any relief related to the substance of the now-superceded statements. Plaintiffs sought only a declaration that the 2004 and April 2005 Statements were issued improperly under the APA because USDA did not use the APA's notice

and comment procedures. Mootness occurs whenever "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than speculative chance of affecting them in the future." Clarke v. United States, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc) (citing Transwestern Pipeline Co. v. FERC, 897 F.2d 570, 575 (D.C. Cir. 1990)). Plaintiffs never requested any relief binding USDA to a substantive position, and they certainly are not entitled to such relief now that the case is moot.[1]

Defendants demonstrated that the case is moot, and plaintiffs present no argument in rebuttal. The Court lacks subject-matter jurisdiction, and its only recourse, then, is to dismiss the case as moot. Reference to plaintiffs' reasons for failing to challenge defendants' mootness argument is irrelevant and improper.

---

[1] As to plaintiffs' statement that defendants "declined to enter into such a stipulation," Pls.' Mem. at 1, defendants have no legal obligation to enter into any kind of settlement of litigation. Indeed, there is no basis upon which the Government should settle; plaintiffs received what they sued for – "affirm[ance] that the current policy of USDA is the one plaintiffs sought to reinstate by bringing this action," see Pls.' Mem. at 1 – and provide no argument rebutting defendants' motion nor that they are entitled to an order incorporating their "reasons for dismiss[ing] the case." Moreover, plaintiffs' reference to discussions between counsel regarding potential settlement of this case is wholly and entirely improper. No evidentiary value of any kind can be derived from plaintiffs' characterizations of defendants' position on settlement. See Fed. R. Evid. 408. The case is moot, the Court lacks jurisdiction, and plaintiffs are therefore not entitled to any further judicial relief. There is no reason why the Government should agree to give plaintiffs more in settlement than they originally sought or are legally entitled to receive.

## CONCLUSION

For the reasons stated above, defendants respectfully request that the Court dismiss plaintiffs' Complaint in its entirety.

Dated: October 14, 2005                            Respectfully submitted,

                                          PETER D. KEISLER
                                        Assistant Attorney General

                                        KENNETH L. WAINSTEIN
                                        United States Attorney

                                        _____/S/ Michael Hyde_____
                                        JAMES J. GILLIGAN
                                        Assistant Director
                                        MICHAEL HYDE (D.C. Bar No. 462685)
                                        Trial Attorney
                                        Federal Programs Branch, Civil Division
                                        U.S. Department of Justice
                                        P.O. Box 883
                                        20 Massachusetts Ave., N.W., Room 7132
                                        Washington, D.C. 20044
                                        Telephone: (202) 514-2205
                                        Facsimile:  (202) 616-8470
                                        E-Mail:  michael.hyde@usdoj.gov
                                        <u>Attorneys for Defendants</u>