UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
ALL ONE GOD FAITH, et al.,                          )
                                                    )
            Plaintiffs,                             )
                                                    )
      v.                                            )      Civil Action No. 05-1178 (PLF)
                                                    )
UNITED STATES DEPARTMENT                             )
OF AGRICULTURE, et al.,                             )
                                                    )
            Defendants.                             )
_____           )

MEMORANDUM OPINION

      This matter is before the Court on defendants' motion to dismiss plaintiffs'

complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject

matter jurisdiction.  Defendants argue that plaintiffs' claims have been rendered moot by

events since the filing of this action.  Plaintiffs' indicate in their response to the motion that

they do not object to dismissal of the action, but have failed to agree with the defendants on

language for the stipulation of dismissal.

      Plaintiffs are a manufacturer and distributer of soaps and lotions and a

consumer association representing consumers of products that are certified as "organic" under

United States Department of Agriculture ("USDA") standards.  They brought suit on June 13,

2005, alleging that an April 2004 "Guidance Statement" and an April 2005 "Response"

misinterpreted the regulations under which the USDA administers the Organic Foods

Production Act of 1990, 7 U.S.C. §§ 6501 et seq. ("OFPA"), and that these statements

constituted substantive, binding rules that had not undergone the notice and comment

procedure required under the Administrative Procedure Act, 5 U.S.C. § 704.  Plaintiffs

argued in their complaint that the correct interpretation of the regulations in question could be found in a May 2002 "Policy Statement" of the USDA and sought declaratory and injunctive relief declaring the April 2004 and April 2005 statements invalid and unenforceable and enjoining the defendants from enforcing them. On August 23, 2005, the USDA issued a statement superceding the April 2004 and April 2005 statements and returning to the May 2002 interpretation of the regulations in question.

Defendants state in their motion to dismiss, and plaintiffs agree in their response, that the superceding August 23, 2005 USDA policy statement affirms the one that plaintiffs sought through this action. Plaintiffs and defendants could not agree to a stipulation of dismissal pursuant to Rule 41(a) because plaintiffs propose to include in the dismissal a statement that "they have no objection to dismissal of the action based and in reliance upon [the August 23, 2005 USDA policy statement]." Plaintiffs' Memorandum in Response to Defendants' Motion to Dismiss at 4 (Proposed Order). Defendants object to the inclusion of the statement concerning plaintiffs' "reliance" as not within the Court's jurisdiction to include in the order of dismissal, both because the Court lacks subject matter jurisdiction over the case which now is moot, and because it is an attempt to bind the USDA to the order prospectively.

The Court agrees with the defendants that if the plaintiffs agree that this case should be dismissed, it is not the Court's role to include in that dismissal the rationale for plaintiffs' agreement in an attempt to give the dismissal order any further effect beyond dismissing the instant case. If plaintiffs agree that the case is moot based on the representations of the defendant, then this Court no longer has subject matter jurisdiction. If, in the future, the plaintiffs believe that defendants have acted in a manner that renders this issue no longer moot, creating an actual case or controversy, then plaintiffs may bring

2

another, new action at that time based on the new and actual controversy.  It is not this

Court's role to speculate as to what the defendants will do in the future or provide a basis for a

speculative future action by plaintiffs by adding language to its order dismissing this matter.

Simply put, defendants have filed a motion to dismiss and plaintiffs have raised no objection to

dismissal.  The issue is moot and the Court lacks subject matter jurisdiction.  Therefore,

defendant's motion to dismiss will be granted.

An Order and Judgment consistent with this Memorandum Opinion will issue

this same day.

SO ORDERED.


_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  February 22, 2006